## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GRAPHICLY, INC., a Delaware corporation, derivatively through Gregory A. Lafin, a shareholder, and GREGORY A. LAFIN, Individually, a citizen of the State of Illinois,<br><br>    Plaintiffs,<br><br>v.<br><br>BLURB, INC., a Delaware corporation, MICAH BALDWIN, a citizen of the State of California, BLAIR GARROU, a citizen of the State of Texas, MARK HASEBROOCK, a citizen of the State of Nebraska, and DAVID FOX, a citizen of the State of California,<br><br>    Defendants. | Case No.:<br><br>**JURY DEMANDED** |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants, MICAH BALDWIN, BLAIR GARROU, MARK HASEBROOCK, and DAVID FOX, by and through their attorneys of Gordon & Rees, LLP, hereby file their Notice of Removal under 28 U.S.C. §§ 1332, 1441 and 1446, to effect the removal of this action from the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this notice of removal, Defendants state as follows:

**I.    THE STATE COURT ACTION**

1.    On July 10, 2014, Plaintiffs commenced this action in the Circuit Court of Cook County, Illinois, County Department, Law Division, styled as *Graphicly, Inc., a Delaware corporation, derivatively through Gregory A. Lafin, a shareholder, and Gregory A. Lafin, individually, a citizen of the State of Illinois v. Blurb, Inc., a Delaware corporation, Micah Baldwin, a citizen of the State of California, Blair Garrou, a citizen of the State of Texas, Mark*

*Hasebroock, a citizen of the State of Nebraska, and David Fox, a citizen of the State of California*, Case No. 14 L 007286. *See* Plaintiffs' Complaint, a copy of which is attached and incorporated herein as "Exhibit A-1."[1]

      2.      Generally, the Complaint alleges that Graphicly, Inc. entered into a Mutual Non-Disclosure Agreement with Blurb, Inc. after Blurb, Inc. expressed intent to acquire Graphicly, Inc. *See* Exhibit A-1, ¶ 22. Plaintiffs allege that Blurb, Inc. had full and complete access to all of Graphicly, Inc.'s proprietary and confidential information as well as unfettered access to top management who were allegedly essential to the value and continued success of Graphicly, Inc. as they had knowledge of software platforms, business plans, strategies, and customer base. *See* Exhibit A-1, ¶ 23. After the sale of Graphicly, Inc. to Blurb, Inc. terminated, Plaintiffs allege that David Fox, acting on behalf of the Board of Directors, terminated all employees. *See* Exhibit A-1, ¶ 26. After being terminated by Graphicly, Inc., members of Graphicly, Inc.'s creative team were employed by Blurb, Inc. thereby allegedly taking all of the proprietary and confidential information that they possessed simply by being employed with Graphicly, Inc. over to Blurb, Inc. *See* Exhibit A-1, ¶ 28. As a result of these events unfolding, Plaintiffs bring a count against Defendants Baldwin, Garrou, Hasebroock, and Fox for breach of fiduciary duties and against Defendant Blurb, Inc. for breach of the Mutual Non-Disclosure Agreement. *See*, Exhibit A-1, *generally*. Plaintiffs assert that Defendants Baldwin, Garrou, Hasebroock, and Fox breached their fiduciary duties by terminating members of Graphicly, Inc.'s creative team and for not taking action to protect the confidentiality and proprietary information from being accessed by Defendant Blurb, Inc. *See* Exhibit A-1, ¶ 33. As a result of the alleged duties owed and alleged

---

[1] Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, and orders filed in the State Court Action and that were available to Defendants for copying as of the date of this Notice of Removal are attached as Group Exhibit A hereto.

breaches by all Defendants, Plaintiffs allege in their prayers for relief that they suffered damages in an amount in excess of Five Million Dollars ($5,000,000.00). *See* Exhibit A-1, ¶¶ 35 & 43.

3. On July 10, 2014, summonses were issued to all Defendants according to the Docket Report. *See* Exhibit A-2; Docket Report, a copy of which is attached and incorporated herein as "Exhibit B"[2]. While no Defendants have been served to date, Defendant Baldwin first received notice of this lawsuit on July 14, 2014, when he was notified of the Complaint by a reporter, and he first received the actual Complaint on July 15, 2014 by the reporter. *See* Correspondences, a copy of which is attached and incorporated herein as "Exhibit C".

4. On July 10, 2014, Plaintiffs' action was randomly assigned to the Honorable Judge Thomas Mulroy, Jr. for handling at the same time the Complaint was filed and the summonses were issued.[3] The Judge assignment was not part of the Court file with the Circuit Clerk of Cook County.

5. As alleged, Defendant Baldwin is a citizen of the State of California; Defendant Garrou is a citizen of the State of Texas; Defendant Hasebroock is a citizen of the State of Nebraska; and Defendant Fox is a citizen of the State of California. *See* Exhibit A-1, *generally,* and ¶¶ 4-7. The caption for the lawsuit lists Defendant Fox as being a citizen of the State of California while the allegation lists Defendant Fox as being a citizen of the State of Colorado. *See* Exhibit A-1, *generally,* and ¶ 7. Defendant Fox asserts herein that he is a citizen of the State

---

[2] It should be noted that the Docket Report reflects a motion being filed, served, and scheduled by Graphicly, Inc. through counsel Loren B. Siegel Associates, which is from another case and incorrectly included in this court file. *See* Exhibit A-3.

[3] The Clerk for the Circuit Court of Cook County presumably mailed a postcard advising all parties of record of this assignment, and as of this Removal's filing, a copy of this mailed order was not publicly available through the Clerk's office. *See* Exhibit A-4. While Defendants note that the failure to attach such a document is not jurisdictional, and will not result in remand as long as sufficient documents are attached to show the basis for jurisdiction (*see, e.g. Porch-Clark v. Engelhart*, 930 F. Supp. 2d 928, 933-934 (N.D. Ill. 2013)), they nonetheless respectfully request leave to supplement this Notice of Removal with said document(s) should the propriety of removal be questioned. *See Int'l Gateway Commc'ns, Inc. v. Commc'n Telesys. Int'l, Inc.,* 922 F. Supp. 122, 124 (N.D. Ill. 1996) (holding that the defendant's failure to attach a summons to the notice of removal could be cured after the thirty-day removal period had expired).

of California. Although for purposes of this Removal, it only matters that Defendant Fox is not a citizen of the State of Illinois. Defendant Blurb, Inc. is a Delaware corporation with its principal place of business in California. *See* Exhibit A-1, *generally,* and ¶ 3. Graphicly, Inc. is a Delaware corporation with its principal place of business in Colorado. *See* Exhibit A-1, *generally,* and ¶ 1. Plaintiff Gregory A. Lafin is an individual and citizen of the State of Illinois. *See* Exhibit A-1, *generally,* and ¶ 2.

6. Defendants Baldwin, Garrou, Hasebroock, and Fox have not been served to date. Upon information and belief, Defendant Blurb, Inc. has not been served.[4]

7. As will be shown below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441. There is complete diversity between Plaintiff Gregory A. Lafin and all Defendants as Plaintiff Graphicly, Inc. should be realigned as a Defendant, which is supported by Defendants' Motion for Realignment; the amount in controversy exceeds $75,000, exclusive of interest and costs; and Defendants' Notice of Removal is timely filed within thirty days of July 15, 2014, the date of receipt of the Complaint by Defendant Baldwin.

II. **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

8. The Complaint was notified to Defendant Baldwin on July 14, 2014 and actually forwarded to him on July 15, 2014. This represented first notice of the subject lawsuit to Defendant Baldwin. Therefore, this Notice of Removal should be considered timely pursuant to 28 U.S.C. § 1446(b); *Benson v. SI Handling Sys., Inc.,* 188 F.3d 780, 782-83 (7th Cir. 1999).

9. Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, and orders filed in the State Court Action and that were available to Defendants for copying as of the date of this Notice of Removal are attached as Group Exhibit A hereto.

---

[4] As of this Removal's filing, no returned proofs of service upon said Defendants were publicly available through the Clerk of the Circuit Court of Cook County.

10.	Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant Blurb, Inc. has not been served upon information and belief and therefore cannot join in this removal petition. As such, no written consent is needed from this Defendant since service has not been effectuated on Defendant Blurb, Inc. *See McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998)(requiring that only served defendants must join in the notice of removal).

11.	This Court embraces the locality in which the state court action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

12.	No previous application has been made for the relief requested herein.

13.	Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs, and a copy is being filed with the Circuit Court of Cook County, Illinois, County Department, Law Division.

14.	If any question arises regarding the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and/or oral argument in support of its position that this case is removable and further incorporate by reference Defendants' Motion for Realignment.

### III.	REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § § 1332 AND 1441.

15.	Federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different States, and there is a good faith basis to believe that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1441.

#### A.	Complete Diversity of Citizenship Exists.

16.	Upon information and belief, at all relevant times, Plaintiff Gregory A. Lafin is and has been a resident of McHenry County, Illinois, and citizen of the State of Illinois.

17. Defendants Baldwin, Garrou, Hasebroock, and Fox are <u>not citizens of the State of Illinois</u>. Defendant Baldwin is a <u>citizen of the State of California</u>; Defendant Garrou is a <u>citizen of the State of Texas</u>; Defendant Hasebroock is a <u>citizen of the State of Nebraska</u>; and Defendant Fox is a <u>citizen of the State of California</u>. Accordingly, these Defendants are <u>not citizens of the State of Illinois</u> for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

18. Defendant Blurb, Inc. is a Delaware Corporation, with its principal place of business being San Francisco, California. Defendant Blurb, Inc. is a <u>citizen of the States of Delaware and California</u> for diversity purposes, and neither residence is in <u>the State of Illinois</u>. *See* 28 U.S.C. § 1332(c)(1).

19. Graphicly, Inc. is a Delaware Corporation, with its principal place of business being Boulder, Colorado. Graphicly, Inc. is a <u>citizen of the States of Delaware and Colorado</u> for diversity purposes, and neither residence is in <u>the State of Illinois</u>. *See* 28 U.S.C. § 1332(c)(1). Pursuant to Defendants' Motion for Realignment, Graphicly, Inc. is improperly classified as a Plaintiff and should be realigned as a Defendant for diversity purposes since its interests are more aligned with the Defendants in this cause of action. *See* Defendants' Motion for Realignment contemporaneously filed with this Notice of Removal and incorporated herein.

**B.     The Amount in Controversy Exceeds $75,000.00**

20. For the amount in controversy requirement to be satisfied, a removing defendant need only show "… by a preponderance of the evidence that the case meets the $75,000.00 threshold." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir.2006).)

21. The Complaint alleges that, as a result of the Defendants' breach of fiduciary duties and breach of the Mutual Non-Disclosure Agreement, Plaintiffs have suffered actual

damages in excess of $5,000,000. *See* Exhibit A-1, ¶¶ 35 & 43. Plaintiffs further pray for damages in its prayers for relief for a sum in excess of $5,000,000. *See,* Exhibit A-1, *generally*.

22. Despite the fact that Plaintiffs have not specified the amount in controversy by claiming a value in excess of a specific amount, those allegations set forth above still provide Defendants with a good faith basis to believe that the amount in controversy exceeds $75,000.00. *See, e.g. McCoy v. Gen. Motors Corp.,* 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (Courts have routinely held that when plaintiffs allege serious damages and expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount.)

23. For the reasons set forth above, Defendants are entitled to remove the State Court Action to this Court under 28 U.S.C. § 1441.

WHEREFORE, Defendants, MICAH BALDWIN, BLAIR GARROU, MARK HASEBROOCK, and DAVID FOX, respectfully request that this Court assume full jurisdiction over this action as if Plaintiffs had originally commenced this action with this Court.

Dated: August 13, 2014            Respectfully submitted,

By: /s/ Angelo J. Kappas
GORDON & REES LLP
Hayes Ryan (#6274197)
Angelo J. Kappas (#6289880)
Lindsay A. Watson (#6301139)
One North Franklin, Suite 800
Chicago IL, 60606
Phone: (312) 565-1400
Fax: (312) 565-6511
*Attorney for Defendants,* MICAH BALDWIN, BLAIR GARROU, MARK HASEBROOCK, and DAVID FOX

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GRAPHICLY, INC., a Delaware corporation, derivatively through Gregory A. Lafin, a shareholder, and GREGORY A. LAFIN, Individually, a citizen of the State of Illinois, <br><br> Plaintiffs, <br><br> v. <br><br> BLURB, INC., a Delaware corporation, MICAH BALDWIN, a citizen of the State of California, BLAIR GARROU, a citizen of the State of Texas, MARK HASEBROOCK, a citizen of the State of Nebraska, and DAVID FOX, a citizen of the State of California, <br><br> Defendants. | Case No.: <br><br> **JURY DEMANDED** |

## CERTIFICATE OF SERVICE

To:   VOELKER LITIGATION GROUP
      311 W. Superior, Suite 500
      Chicago IL, 60654

The undersigned, being first duly sworn, on oath deposes and states that a true and correct copy of the foregoing *Notice of Removal,* in regard to the above captioned matter was filed with the U.S. District Court, Northern District of Illinois, Eastern Division by CM/ECF electronic filing on the 13th day of August, 2014 and served upon all Parties of record via mail.


                                              Respectfully submitted,


                                              By: /s/ Angelo J Kappas
                                                  Attorney for Defendants

**GORDON & REES LLP**
Hayes Ryan (#6274197)
Angelo J. Kappas (#6289880)
Lindsay A. Watson (#6301139)
One North Franklin, Suite 800
Chicago IL, 60606
Phone: (312) 565-1400
Fax: (312) 565-6511
*Attorney for Defendants,*
MICAH BALDWIN, BLAIR GARROU,
MARK HASEBROOCK, and DAVID FOX