### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

GRAPHICLY, INC., a Delaware corporation,　)
derivatively through Gregory A. Lafin, a　　)
shareholder, and GREGORY A. LAFIN,　　　)
Individually, a citizen of the State of Illinois,　)
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　v.　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)
BLURB, INC., a Delaware corporation,　　　 )
MICAH BALDWIN, a citizen of the State　　 )
of California, BLAIR GARROU, a citizen of　)
the State of Texas, MARK HASEBROOCK,　)
a citizen of the State of Nebraska, and　　　)
DAVID FOX, a citizen of the State of　　　 )
California,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　　　)

Case No.:  1:14-cv-6239

**JURY DEMANDED**

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(2)

NOW COME Defendants, MICAH BALDWIN, BLAIR GARROU, MARK HASEBROOCK, and DAVID FOX, by and through their attorneys, Gordon & Rees LLP, and moves for the dismissal of Plaintiffs' Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  In support of the instant motion, Defendants state as follows:

### I.　　FACTUAL BACKGROUND

The Complaint alleges that Graphicly, Inc. entered into a Mutual Non-Disclosure Agreement with Blurb, Inc. after Blurb, Inc. expressed intent to acquire Graphicly, Inc. *See* Plaintiffs' Complaint attached hereto and incorporated herein as Exhibit A, ¶ 22.  Plaintiffs allege that Blurb, Inc. had full and complete access to all of Graphicly, Inc.'s proprietary and confidential information as well as unfettered access to top management who were allegedly essential to the value and continued success of Graphicly, Inc. as they had knowledge of software platforms, business plans, strategies, and customer base. *See* Exhibit A, ¶ 23.  After the

sale of Graphicly, Inc. to Blurb, Inc. terminated, Plaintiffs allege that David Fox, acting on behalf of the Board of Directors, terminated all employees. *See* Exhibit A, ¶ 26.  After being terminated by Graphicly, Inc., members of Graphicly, Inc.'s creative team were employed by Blurb, Inc. thereby allegedly taking all of the proprietary and confidential information that they possessed simply by being employed with Graphicly, Inc. over to Blurb, Inc. *See* Exhibit A, ¶ 28.  As a result of these events unfolding, Plaintiffs bring a count against Defendants Baldwin, Garrou, Hasebroock, and Fox for breach of fiduciary duties and against Defendant Blurb, Inc. for breach of the Mutual Non-Disclosure Agreement. *See*, Exhibit A, *generally*.  Plaintiffs assert that Defendants Baldwin, Garrou, Hasebroock, and Fox breached their fiduciary duties by terminating members of Graphicly, Inc.'s creative team and for not taking action to protect the confidentiality and proprietary information from being accessed by Defendant Blurb, Inc. *See* Exhibit A, ¶ 33.  As a result of the alleged duties owed and alleged breaches by all Defendants, Plaintiffs allege in their prayers for relief that they suffered damages in an amount in excess of Five Million Dollars ($5,000,000.00). *See* Exhibit A, ¶¶ 35 & 43.

Defendants Baldwin, Garrou, Hasebroock, and Fox filed a Notice of Removal to federal court based on diversity jurisdiction as no Defendant is a citizen of the State of Illinois as Plaintiff, Gregory A. Lafin. *See* Docket Entry #1.  The allegations contain no facts of fraud on the part of Defendants Baldwin, Garrou, Hasebroock, and Fox .  At no time do Plaintiffs attempt to allege that Defendants Baldwin, Garrou, Hasebroock, and Fox were hiding behind a corporate shell, acting on their own personal interests instead of on behalf of the corporation, exhibiting signs of unity of interest and ownership, etc., such that the fiduciary shield doctrine would not apply.

Moreover, Defendants Baldwin, Garrou, Hasebroock, and Fox have never resided in Illinois as they have always been residents of California, Texas, Nebraska, and California, respectively. *See* Affidavits of Defendants Baldwin, Garrou, Hasebroock, and Fox attached hereto and incorporated herein as Exhibit B[1]. Defendants Baldwin, Garrou, Hasebroock, and Fox have effectively no contacts in Illinois. *Id.* at ¶ 4. Their only connection to Illinois in the instant case, should one be found, is in their representative capacity on behalf of the corporation for Graphicly, Inc. *Id.* at ¶¶ 6, 12. As such, Plaintiffs cannot show that Defendants Baldwin, Garrou, Hasebroock, and Fox are subject to personal jurisdiction in Illinois since their only contact with Illinois, if any, was on behalf of the limited liability corporation.

## II.   LEGAL STANDARD

Rule 12(b)(2) provides for dismissal where a court lacks personal jurisdiction over a party. *Fed. R. Civ. P. 12(b)(2)*. When a defendant moves for dismissal under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. *Citadel Grp., Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 760 (7th Cir. 2008). A Court can only look at the allegations pled in its most favorable light and not what a plaintiff intends on proving through discovery. *See Glass v. Kemper Corp.*, 930 F. Supp. 332 (N.D. Ill. 1996). Further, a Court may exercise personal jurisdiction over non-resident defendants in a diversity case, as opposed to a federal question case, only if the Illinois state court would be able to exercise personal jurisdiction over them. *See Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239 (7th Cir. 1990).

## III.   ARGUMENT

Ultimately, the facts alleged by Plaintiffs on the face of their Complaint and the facts asserted in Defendants' affidavits are clear in that no contacts with Illinois can be shown to assert

---

[1] *See* Fed. R. Civ. P. 12(d) (permitting the presentation of matters outside the pleadings without conversion of the motion to one for summary judgment when, as here, the motion is made for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)).

personal jurisdiction through Illinois' long-arm statute.  Since the underlying acts were implemented by the Board of Directors in California and not in Illinois, the situs of the tort did not occur here subjecting Defendants Baldwin, Garrou, Hasebroock, and Fox to personal jurisdiction in Illinois. The fact that Gregory A. Lafin is a shareholder residing in Illinois is immaterial as the main inquiry by Courts will be where the events, acts, or omissions giving rise to the alleged breach of fiduciary duty took place.  Even if minimum contacts can be shown by Plaintiffs, the Court should consider the fiduciary shield doctrine further insulating Defendants Baldwin, Garrou, Hasebroock, and Fox from personal jurisdiction in Illinois since any contacts or connections in Illinois, if any, would have been on behalf of the corporation and not in their individual capacity.   Therefore, Plaintiffs' Complaint should be dismissed against these Defendants for lack of personal jurisdiction.

### A.      *The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2) Since the Illinois Long-Arm Statute Does Not Apply to Assert Personal Jurisdiction.*

Plaintiffs do not have personal jurisdiction over Defendants Baldwin, Garrou, Hasebroock, and Fox since they have no connection to Illinois in their personal capacity. Personal jurisdiction involves consideration of both federal and state law. *Illinois v. Hemi Group, LLC*, 622 F.3d 754, 756-57 (7th Cir. 2010).  Under both the Federal Constitution and the Illinois Constitution, a non-resident individual defendant is subject to personal jurisdiction "only if defendant had certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443-44 (7th Cir. 2010). A court has general personal jurisdiction over a defendant if the defendant has "continuous and systematic" contacts with the forum that are "sufficiently extensive and pervasive to approximate physical presence." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010).  The court has specific personal jurisdiction over a non-resident, individual defendant if: 1) the defendant has

purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and 2) the alleged injury arises out of the defendant's forum-related activities. *Id.* at 702.

Pertinent to this case, Courts have held that personal jurisdiction may be general or specific. *Nat'l Tech., Inc. v. RepCentric Solutions*, 2013 U.S. Dist. LEXIS 98881, No. 13 C 1819, at *5-6 (N.D. Ill. Jul. 16, 2013); *Salon Group, Inc. v. Salberg*, 156 F. Supp. 2d 872, 876-77 (N.D. Ill 2001). As the Seventh Circuit has explained, to determine whether personal jurisdiction exists, courts must consider the Illinois long-arm statute, the Illinois Constitution, and the United States Constitution. *Id.* Therefore, this Honorable Court need only determine whether the exercise of personal jurisdiction would violate federal due process should facts fall within the ambit of the forum state's long-arm statute. *Id.* In analyzing whether personal jurisdiction violates due process, this Honorable Court has held that general or specific jurisdiction must exist. *Id.* General jurisdiction, as explained above, is available when the defendant's contacts with the forum state are "continuous and systematic" while specific jurisdiction is appropriate when the suit at issue arises out of the defendant's contacts with the forum. *Id.* For non-resident individuals, any contact with the forum state must purposefully be directed at said forum state and give rise to the alleged injury. *Nathan v. Morgan Stanley Renewable Dev. Fund, LLC*, 2012 U.S. Dist. LEXIS 71434, No. 11 C 2231, at *12 (N.D. Ill. May 22, 2012)(holding that Florida residents who were employees of a corporation did not have enough contacts with Illinois to be subject to personal jurisdiction where the alleged injury did not arise from any of the purported contacts).

Thus, the Court should first determine whether the alleged jurisdictional facts fall within the ambit of the long-arm statute; if they do not, it is unnecessary to reach the due process

question. *Young v. Colgate-Palmolive Company*, 790 F.2d 567, 569 (7th Cir. 1985).  The Illinois

long-arm statute provides in relevant part:

> § 2-209. Act submitting to jurisdiction--Process. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this State;
>
> (2) The commission of a tortious act within this State;
>
> (3) The ownership, use, or possession of any real estate situated in this State;
>
> (4) Contracting to insure any person, property or risk located within this State at the time of contracting;
>
> (5) With respect to actions of dissolution of marriage, declaration of invalidity of marriage and legal separation, the maintenance in this State of a matrimonial domicile at the time this cause of action arose or the commission in this State of any act giving rise to the cause of action;
>
> (6) With respect to actions brought under the Illinois Parentage Act of 1984, as now or hereafter amended, the performance of an act of sexual intercourse within this State during the possible period of conception;
>
> (7) The making or performance of any contract or promise substantially connected with this State;
>
> (8) The performance of sexual intercourse within this State which is claimed to have resulted in the conception of a child who resides in this State;
>
> (9) The failure to support a child, spouse or former spouse who has continued to reside in this State since the person either formerly resided with them in this State or directed them to reside in this State;

(10) The acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired;

(11) The breach of any fiduciary duty within this State;

(12) The performance of duties as a director or officer of a corporation organized under the laws of this State or having its principal place of business within this State;

(13) The ownership of an interest in any trust administered within this State; or

(14) The exercise of powers granted under the authority of this State as a fiduciary. 735 ILCS 5/2-209.

As such, Plaintiffs in the instant case need to identify on the face of its Complaint how personal jurisdiction is satisfied through Illinois' long-arm statute. However, Plaintiffs only identify that the residences of Defendants Baldwin, Garrou, Hasebroock, and Fox are not in Illinois. *See* Exhibit A, ¶¶ 4-7. Furthermore, Plaintiffs allege that "[p]ersonal jurisdiction over the Defendants is proper, upon information and belief, they have had sufficient contacts with the State of Illinois to confer jurisdiction over them, and Graphicly and its Board of Directors authorized the sale of shares of stock in Graphicly to investors located in the State of Illinois, including Lafin." *Id.* at ¶ 15. This allegation is nothing more than a bald assertion without any teeth to assert personal jurisdiction over Defendants Baldwin, Garrou, Hasebroock, and Fox.

Most importantly, personal jurisdiction must be established by the acts of the individual defendant. *Young*, 790 F.2d at 569 (citing *Hurletron Whittier, Inc. v. Barda*, 82 Ill. App. 3d 443 (1st Dist. 1980)). Jurisdiction over a corporation simply does not translate into jurisdiction over its officers. *Id.* (citing *Knorr Brake Corp. v. Harbil, Inc.*, 550 F. Supp. 476, 479 (N.D. Ill. 1982)). "Under Illinois law, defendants cannot be haled into court in Illinois on the basis of acts committed here solely as fiduciaries of their corporation." *Id.* (quoting *Club Assistance Program,*

7

*Inc. v. Zukerman*, 594 F. Supp. 341, 345 (N.D. Ill. 1984)).  A corporation's contacts cannot be attributed to individual officers or directors for purposes of determining whether personal jurisdiction lies over the individuals. *Egan v. Huntington Copper, LLC*, 2014 U.S. Dist. LEXIS 18673, *8 (N.D. Ill. 2014).  A plaintiff cannot assume that individual board members have transacted business within Illinois merely because the corporation was qualified to do business in Illinois nor can a plaintiff assume that jurisdiction over a corporation automatically flows to an officer of that corporation. *Id.* (citing *Young*, 790 F.2d at 569-70).

Since Plaintiffs cannot simply claim personal jurisdiction over Defendants Baldwin, Garrou, Hasebroock, and Fox simply by being members of the Board of Directors of Graphicly, Inc. as outlined by case law above, Plaintiffs need to show that one of the enumerated acts under the Illinois long-arm statute applies.  However, based upon the Complaint and the affidavits submitted by Defendants Baldwin, Garrou, Hasebroock, and Fox, personal jurisdiction cannot be proven by Plaintiffs.  In *Young*, which was a shareholder derivative lawsuit also, the Court found no personal jurisdiction over the defendant officers. 790 F.2d at 574.  Mailings to shareholders in Illinois did not subject the officers to personal jurisdiction. *Id.* at 570.  Moreover, the claim against the officers, similar to the instant case, was for breach of fiduciary duty and any alleged breach did not arise out of communications or solicitations to shareholders. *Id.*  The Court held that the place of a wrong or situs of the tort for a breach of fiduciary duty is where the plan was adopted that gave rise to the alleged breach. *Id*.  Shareholders being injured in Illinois does not mean that the tort was committed there. *Id.*  Simply put, officers of a corporation cannot be considered to have committed a tortious act in Illinois because they have breached duties to an Illinois shareholder. *Id.* at 571.

Illinois Courts have followed suit with the holding in *Young*. *See West Virginia Laborers Pension Trust Fund v. Caspersen*, 357 Ill. App. 3d 673 (1st Dist. 2005). In analyzing the facts in the *Young* case, the Court noted that *Young* dealt with a plaintiff shareholder being an Illinois resident who filed a derivative action against the defendant corporation and its board of directors, none of whom were residents of Illinois. *Id.* at 678. The Seventh Circuit upheld the granting of the motion to dismiss for lack of personal jurisdiction because the anti-takeover plan was not adopted in Illinois that gave rise to the breach of fiduciary duty claim. *Id.* The Court in *Caspersen* made the same ruling in *Young* because the facts were identical, as they are in the instant case. In so holding, both Courts noted that an "injurious consequence" in Illinois is not the same as a tortious act in Illinois. *Id.* Where the injury is economic rather than physical or emotional, a plaintiff needs to show more than just that the harm was felt in Illinois. *Id.* As such, the situs of the tort is not where the injured shareholder resides; rather, it is where the board took action. *Id.*

Applying the facts of the instant case to the Illinois long-arm statute and case law cited above, there is no other outcome but to find that personal jurisdiction over Defendants Baldwin, Garrou, Hasebroock, and Fox is lacking, warranting dismissal of Plaintiffs' Complaint. Plaintiffs' allegations hinge on the fact that a shareholder was issued stock in Illinois. However, this fact alone is not enough since *Young* is controlling in holding that the situs of the tort is not where the injured shareholder resides and not where an economic injury was felt. Plaintiffs' need to show one of the acts enumerated in the Illinois long-arm statute applies to Defendants Baldwin, Garrou, Hasebroock, and Fox. However, none do as the affidavits of Defendants are clear in that: 1) nobody is a resident of the State of Illinois by virtue of owning any real estate property, being taxed in Illinois, earning any income in Illinois, or any other connection

sufficient to satisfy the minimum contacts test; 2) everyone acted in their representative capacity as a member of the Board of Directors of Graphicly, Inc.; 3) all actions or omissions by the Board of Directors of Graphicly, Inc., including the potential acquisition by Blurb, Inc., the termination of employees of Graphicly, Inc., and the foregoing of any action to protect the confidentiality and proprietary information of Graphicly, Inc. all occurred in California and not Illinois. *See* Exhibit B.

      With the executive team being in California and all acts made and entered in California, including any Mutual Non-Disclosure Agreement with Blurb, Inc., the decisions of the Board were implemented in California and not Illinois. Based on the case law above, it is clear that the situs of any tort or breach of fiduciary duty did not occur in Illinois. The fact that Gregory A. Lafin, a shareholder who may have felt an impact regarding any alleged breach, resides in Illinois is immaterial for purposes of personal jurisdiction as mailings, communications, and solicitations to a shareholder is irrelevant since the underlying cause of action stems from a breach of fiduciary duty against the officers for not protecting the confidentiality and proprietary information of Graphicly, Inc. during the potential acquisition with Blurb, Inc. As such, the nature of the dispute results from decisions made by Defendants Baldwin, Garrou, Hasebroock, and Fox that did not take place in Illinois. Therefore, no set of facts can assert personal jurisdiction over Defendants Baldwin, Garrou, Hasebroock, and Fox pursuant to the Illinois long-arm statute or case law cited above that is factually on point, and Plaintiffs' Complaint should be dismissed against these Defendants and proceed solely against Defendant Blurb, Inc.

      **B.**      ***To the Extent the Court Believes There Are Minimum Contacts, the Fiduciary Shield Doctrine Applies Requiring Dismissal Pursuant to Fed. R. Civ. P. 12(b)(2).***

      The Seventh Circuit recognizes the fiduciary shield doctrine as it applies to non-resident, corporate officers whose contact with Illinois is by virtue of their acts as a fiduciary of a

corporation. *McGreal v. Semke*, 836 F. Supp. 2d 735, 738 (N.D. Ill. 2011). In order for the fiduciary shield doctrine to apply, the non-resident individual must have minimum contacts with the forum state sufficient to establish personal jurisdiction. *Egan v. Huntington Copper, LLC*, 2014 U.S. Dist. LEXIS 18673, *11 (N.D. Ill. 2014). As such, should this Court feel that there are enough minimum contacts with Illinois, the Court should apply the fiduciary shield doctrine to come to the conclusion that personal jurisdiction over Defendants Baldwin, Garrou, Hasebroock, and Fox is lacking.

The fiduciary shield doctrine provides that a court cannot exercise personal jurisdiction over a defendant "whose presence and activity in the state in which the suit is brought was solely on behalf of his employer or other principal." *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994). The doctrine will protect a non-resident whose contact with Illinois is by virtue of his acts as a fiduciary of a corporation. *McGreal*, 836 F. Supp. 2d at 738. The only exceptions to the fiduciary shield doctrine are if the defendant was acting to serve his personal interests and if the corporate form is a shell or a sham rather than a real, separate entity. *Kouakou v. Sutton Funding, LLC*, 2012 U.S. Dist. LEXIS 21889, *10-11 (N.D. Ill. Feb. 22, 2012).

In the instant action, Plaintiffs have not made any allegations relating to acts personally taken by Defendants Baldwin, Garrou, Hasebroock, and Fox in Illinois to serve their personal interests or that the corporate form is a shell or a sham. Since the fiduciary shield doctrine is applied when a defendant commits an act within the forum on behalf of a corporation, Plaintiffs cannot show that this Court has personal jurisdiction over Defendants Baldwin, Garrou, Hasebroock, and Fox since the allegations clearly indicate that they were acting in their representative capacity on behalf of the corporation. Further, Plaintiffs have not alleged any facts that the exceptions of the fiduciary shield doctrine apply to Defendants Baldwin, Garrou,

Hasebroock, and Fox.  No facts are alleged by Plaintiffs that **Defendants Baldwin, Garrou,**
**Hasebroock, and Fox** were serving their own personal interests or that Graphicly, Inc. was a
sham corporation that was put in place merely to disguise their personal activities.

No facts are alleged showing any unity, improper corporate formalities, or that the
corporation is a mere façade.  In fact, Defendants assert, through their affidavits, facts to the
contrary. *See* Exhibit B.  Further, there are no allegations of fraud or injustice pled by Plaintiffs.
Just because an individual is a member or holds a controlling position of a corporation, such as
being on the Board of Directors, does not nullify the protection of the fiduciary shield. *Kula v.*
*J.K. Schofield & Co., Inc.*, 668 F. Supp. 1126, 1129 (N.D. Ill. 1987).

Courts will not assert personal jurisdiction over an individual merely because that
individual is a major stockholder or sole owner of a company on whose behalf he operates. *Kula*,
668 F. Supp. At 1129.  Even if the individual defendant was the President of a company and had
numerous contacts with the plaintiff regarding the alleged acts, without further facts that the
corporation was a sham or a shell, courts will refuse to pierce the corporate veil because the
proper party in the litigation will be the corporate entity and not the individual. *See State Security*
*Ins. Co. v. Hall*, 530 F. Supp. 94, 98 (N.D. Ill. 1981).  Most exceptions to the fiduciary shield
doctrine revolve around instances where the corporate entity is insolvent or fraudulently
established, which is not present in the instant case. *See Torco Oil Co. v Innovative Thermal*
*Corp.*, 730 F. Supp. 126 (N.D. Ill. 1989)(holding "insufficient assets" being pled as a possible
exception); *Franks v. Joe Eisenberger & Co.*, 1986 U.S. Dist. LEXIS 29505 (N.D. Ill. Feb. 7,
1986) (plaintiff needs to truthfully allege that the defendant corporation is a mere sham with
insufficient assets for a court to consider an exception to the fiduciary shield doctrine).

Without alleging that Defendants Baldwin, Garrou, Hasebroock, and Fox acted in an inappropriate manner in establishing and performing under Graphicly, Inc., Plaintiffs cannot require this Court to pierce the corporate veil to assert personal jurisdiction over Defendants Baldwin, Garrou, Hasebroock, and Fox. Therefore, the fiduciary shield doctrine should apply to the instant situation since Defendants Baldwin, Garrou, Hasebroock, and Fox were acting as a mere representative on behalf of the corporation as alleged in Plaintiffs' Complaint. As such, personal jurisdiction over Defendants Baldwin, Garrou, Hasebroock, and Fox has not been shown by Plaintiffs in violation of Rule 12(b)(2).

**IV.    CONCLUSION**

WHEREFORE, Defendants, MICAH BALDWIN, BLAIR GARROU, MARK HASEBROOCK, and DAVID FOX, respectfully request that this Honorable Court enter an order dismissing Plaintiffs' Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Since Plaintiffs have not properly alleged any facts that could assert personal jurisdiction over Defendants for the reasons stated above, Plaintiffs' Complaint should be dismissed in its entirety, with prejudice, as a matter of law as to MICAH BALDWIN, BLAIR GARROU, MARK HASEBROOCK, and DAVID FOX.

Dated: August 19, 2014                           Respectfully submitted,

                                   By:   /s/ Angelo J. Kappas _____
                                         GORDON & REES LLP
                                         Hayes Ryan (#6274197)
                                         Angelo J. Kappas (#6289880)
                                         Lindsay A. Watson (#6301139)
                                         One North Franklin, Suite 800
                                         Chicago IL, 60606
                                         Phone: (312) 565-1400
                                         Fax: (312) 565-6511
                                         *Attorney for Defendants,* MICAH
                                         BALDWIN, BLAIR GARROU, MARK
                                         HASEBROOCK, and DAVID FOX

14