IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRAPHICLY, INC., a Delaware corporation, derivatively through Gregory A. Lafin, a shareholder, and GREGORY A. LAFIN, individually, a citizen of the State of Illinois,<br><br>Plaintiffs,<br><br>v.<br><br>BLURB, INC., a Delaware corporation, MICAH BALDWIN, a citizen of the State of California, BLAIR GARROU, a citizen of the State of Texas, MARK HASEBROOCK, a citizen of the State of Nebraska, and DAVID FOX, a citizen of the State of California,<br><br>Defendants. | No. 14-cv-6239<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

On July 10, 2014, plaintiffs, Gregory A. Lafin, both individually and as shareholder, and Graphicly, Inc., derivatively, filed a two count Complaint in the Circuit Court of Cook County, alleging breach of fiduciary duty against Graphicly's Board of Directors: Micah Baldwin, Blair Garrou, Mark Hasebroock, and David Fox, and breach of contract against Blurb, Inc. (collectively "defendants"). Defendants filed a Notice of Removal to this Court on August 13, 2014, and a motion for realignment of Graphicly, Inc. to a defendant [3]. For the reasons stated below, the Court grants the motion for realignment.

**Background**

The Complaint alleges that on April 3, 2014, Graphicly, Inc. entered a Letter of Intent to Sell and a Mutual Non-Disclosure Agreement with Blurb, Inc., after Blurb expressed interest in acquiring Graphicly. (Dkt. 1-1, Compl. at ¶ 22). As a result of this agreement, Blurb allegedly had

access to all of Graphicly's proprietary and confidential information. The agreement also gave Blurb access to Graphicly's management and their knowledge of software platforms, business plans, strategies, and customer base. Eleven days later, Blurb terminated the Letter of Intent, but agreed to abide by the terms of the Mutual Non-Disclosure Agreement for two years and represented that all information provided pursuant to the agreement would be destroyed. *Id.* at ¶ 25. Immediately following Blurb's termination of the Letter of Intent Graphicly terminated all of its employees. All of Graphicly's creative team then went to work for Blub, taking all of their confidential knowledge with them. *Id.* at ¶ 28. Graphicly was then worthless.

Plaintiffs allege that, by immediately terminating all of Graphicly's employees and by permitting the six co-founders and members of the creative team to go work for Blurb, the Board of Directors rendered Graphicly's business platform, customer base, etc., impossible to sell. Plaintiffs allege that the Board of Directors of Graphicly breached their fiduciary duty as a result of this conduct. Plaintiff, Gregory Lafin, alleges that he did not make a demand on the Board of Directors because doing so would be futile as it was unlikely the Board of Directors would vote to cause Graphicly to bring suit against Blurb. *Id.* at ¶ 36.

**Discussion**

Defendants move for realignment of Graphicly, Inc. as a defendant, arguing that Graphicly is antagonistic to the plaintiffs in this lawsuit because plaintiffs allege the Board of Directors of Graphicly breached their fiduciary duty for not taking action to protect the confidentiality of Graphicly's proprietary information. Plaintiffs argue that Graphicly should not be realigned as a defendant because Graphicly is no longer in business and not capable of taking any action on its own behalf.

In a shareholder derivative action, the corporation must be realigned as a defendant when the corporate management is "antagonistic" to the plaintiff shareholder. *Smith v. Sperling,* 354 U.S.

91, 96 (1957); *see also BI3, Inc. v. Hamor,* 2011 U.S. Dist. LEXIS 121403, *33 (N.D. Ill. 2011). Courts should "determine the issue of antagonism on the face of the pleadings and by the nature of the controversy." *Sperling,* 354 U.S. at 96.

Here, the face of the pleadings and the nature of the controversy support the conclusion that Graphicly is adverse to the plaintiff shareholders' position. The Complaint alleges that Lafin did not make a demand on the Board of Directors because doing so would be futile as it was unlikely the Board of Directors would vote to cause Graphicly to bring suit against Blurb. More specifically, the Complaint alleges that the defendants, members of the Board of Directors, terminated all Graphicly employees and did nothing to prevent Graphicly's creative team from going to work for Blurb and taking all Graphicly's confidential and proprietary information with them. Further, defendant David Fox was both on the Board of Directors and Chief Executive Officer of Graphicly, and defendant Micah Baldwin was both on the Board of Directors and a co-founder of Graphicly. Baldwin has been employed with Blurb since the termination of Graphicly's employees. The *Sperling* court explained that: "Whenever the management refuses to take action to undo a business transaction or whenever, as in [*Sperling*], it so solidly approves it that any demand to rescind would be futile, antagonism is evident. The cause of action, to be sure, is that of the corporation. But the corporation has become through its managers hostile and antagonistic to the enforcement of the claim." *Id.* at 97. Plaintiffs allege that demand was futile, suggesting that the Board of Directors, which was also comprised of management, is hostile and antagonistic to the claims of breach of fiduciary duty against the Directors and breach of contract against Blurb. It is thus clear to this Court from the Complaint and the nature of the controversy that Graphicly's position is antagonistic to plaintiffs' claims.

**Conclusion**

Based on the foregoing, this Court grants defendants' motion for realignment [3] and realigns Graphicly, Inc. as a defendant.

IT IS SO ORDERED.

Date: October 9, 2014

Entered: _____

United States District Judge