**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| GRAPHICLY, INC., a Delaware corporation, derivatively through Gregory A. Lafin, a shareholder, and GREGORY A. LAFIN, Individually, a citizen of the State of Illinois,<br><br>Plaintiffs,<br><br>v.<br><br>BLURB, INC., a Delaware corporation, MICAH BALDWIN, a citizen of the State of California, BLAIR GARROU, a citizen of the State of Texas, MARK HASEBROOCK, a citizen of the State of Nebraska, and DAVID FOX, a citizen of the State of California,<br><br>Defendants. | Case No.: C-14-04630-EJD<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL** |

This matter came on for hearing on October 8, 2015. The Court has considered the Settlement Agreement and Release dated March 31, 2015 (the "Settlement Agreement") and all oral and written objections and comments received regarding the proposed settlement, and has reviewed the record in the Action. Good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.  The Court has jurisdiction over the subject matter of the above-captioned action and the Delaware Action[1] (collectively, the "Lawsuits") and personal jurisdiction over each of the Plaintiffs,[2] Graphicly, Inc. ("Graphicly") all current Graphicly shareholders, and each of the Defendants.[3]

2.  The Court finds that the distribution of the Notice of Proposed Settlement as provided for in the Preliminary Order constituted the best notice practicable under the circumstances and fully complied with Rule 23.1 of the Federal Rules of Civil Procedure and with the United States Constitution, and the requirements of due process under state law.

3.  The Court approves the settlement of the Lawsuits as set forth in the Settlement Agreement as fair, reasonable, and adequate to Graphicly and all current Graphicly shareholders pursuant to Rule 23.1 of the Federal Rules of Civil Procedure. The Parties are hereby ordered to consummate the settlement in accordance with its terms set forth in the Settlement Agreement.

4.  Each of the Lawsuits is hereby dismissed on the merits and with prejudice. This order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure, and the timeliness of any appeal shall be measured from the date of entry of this order.

5.  As of the Effective Date, Graphicly, the Plaintiffs (individually and derivatively on behalf of Graphicly), all current Graphicly shareholders), and the Defendants shall be deemed to have, and by operation of this judgment shall have, fully, finally, and forever released and

---

[1] The "Delaware Action" is the matter styled as *TMT Investments PLC v. Blurb, et al.,* C.A. No. 10074-VCN, pending in the Delaware Court of Chancery.

[2] "Plaintiffs" are defined as Gregory A. Lafin, Microventures, Venture51, Michael Cardamone, Michael Landewe, Ecajah, LLC, Andrew Cherney, Daniel Chou, and Ankit Jain ("Lafin Parties") and TMT Investments PLC ("TMT"), in their own right and derivatively on behalf of Graphicly, Inc.

[3] "Defendants" are defined as Micah Baldwin, Blair Garrou, Mark Hasebroock, and David Fox ("Director Defendants") along with Blurb, Inc. ("Blurb").

discharged the Released Parties[4] from all Released Claims and from all claims arising out of or relating to the defense, settlement, or resolution of the Action.

6. As of the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this judgment shall have, fully, finally, and forever released and discharged Plaintiffs and Plaintiffs' counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

7. Plaintiffs, Graphicly, and current Graphicly shareholders are permanently barred and enjoined from instituting or prosecuting, in any capacity, any action or proceeding against any of the Released Parties that involves or asserts any of the Released Claims.

8. As of the Effective Date, the Parties, and all other persons and entities shall be deemed to be, and by operation of this judgment shall be, permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting against any of the Defendants any claim for contribution or indemnity that is related to, based upon, or arises out of the Released Claims, regardless of whether such claim for contribution or indemnity is asserted as a claim, cross-claim, counterclaim, third-party claim, or in any other manner, in any court, arbitration, administrative agency, or forum. All such claims are hereby extinguished, discharged, satisfied, and unenforceable.

9. This Order shall not limit or otherwise affect the rights, if any, of the Defendants (a) to receive indemnification or advancement of legal expenses arising from law and/or statute, or any existing written agreements, or (b) to enforce the terms of the Settlement Agreement.

10. The Court reserves exclusive and continuing jurisdiction over the Lawsuits, the Plaintiffs, all current Graphicly shareholders, Graphicly, and the Defendants for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Order, and this Judgment.

11. Neither this Final Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a

---

[4] Any capitalized term not otherwise defined herein shall have the meaning ascribed to such term in the Settlement Agreement.

proceeding to enforce this judgment, to defend against the assertion of the Released Claims, or as otherwise required by law.

The Clerk shall close this file.

Date: October 8, 2015

_____
Honorable Edward J. Davila